UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES NATHAN JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV409-175 |
| | ) | CR408-021 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

James Nathan Johnson moves this Court under 28 U.S.C. § 2255 to vacate his conviction on gun and drug charges. Doc. 56.[1] He was indicted for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count One), possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), and possession of firearms by a felon, in violation of 18 U.S.C. §922(8)(1) (Count Three). Doc. 1. He plea-bargained away Count Three and pled guilty to Counts One and Two, doc. 39, 40, 37, 50, received a 78-month sentence, doc. 50, then took no appeal.

---

[1] There are two files on this matter, CV409-175 and CR408-21. All cites are to the CR408-21 file.

Between his indictment and guilty plea, however, he complained about his court-appointed counsel, Thomas J. Mahoney. Doc. 23 (his letter to the Court). In response, the undersigned held a hearing, doc. 57, and found no cause for relief. Doc. 57 at 17 ("THE COURT: I just don't see any reason why he should be excused. And just a lack of comfort on your part with Mr. Mahoney, or that you just don't have good feelings about him, is not enough in and of itself. . . . A. MR. JOHNSON: I apologize for wasting your time. . . ."). Nevertheless, the district judge later authorized Mahoney's withdrawal and replacement by retained counsel, Diane M. McLeod, who represented him through his change of plea hearing. Doc. 34, 39, 42, 48.

In moving to vacate, Johnson alleges that Mahoney provided him with ineffective assistance of counsel (IAC) by failing to inform him of the government's initial plea offer -- a 37-46 month plea. Johnson says Mahoney told him only that a five-year-to-life deal had been offered, and even at that Mahoney had to verify it because it was for a "'James A. Johnson' and not James N. Johnson.'" Doc. 56 at 4 (Ground One); *id.* at 15 & n. 1. Losing confidence in Mahoney, Johnson hired McCleod, who then learned about the earlier 37-46 offer and asked him why he did not

take it. *Id.* at 15-16. Johnson replied that he would have taken it had he known of its existence. *Id.* at 16.² He reiterates those assertions now.

---

² Mahoney attests that he advised Johnson to plead guilty to counts one and three in exchange for the government's dropping of count two, and thus his prison range would be 46-57 months. Doc. 64-1 ¶ 5. Johnson rejected it, *id.* ¶ 5, then later accepted a government offer to plead to Counts one and two and was sentenced to 78 months. Doc. 39, 40, 37, 50.

Thus, there is a disconnect between the two recollections here: Johnson never mentions a 46-57 month offer, and Mahoney never mentions the 37-46 or 5-life offers. It obviously would have assisted the Court if government counsel, who presumably drafted Mahoney's affidavit, confirmed or rebutted Johnson's *actual* allegations. Likewise, McCleod's affidavit fails to rebut Johnson's claim that when she met with him she asked him why he did not accept the 37-46 offer. The government was aware of these distinctions -- they were expressly raised in Johnson's § 2255 motion -- when it sought and obtained such affidavits.

In that respect, the government's brief states that Mahoney communicated the "earlier" 37-46 month offer to Johnson, doc. 64 at 6-7, even though that is *not* what Mahoney's affidavit says:

> 1. In ground one, Johnson alleges that Mahoney was unconstitutionally ineffective for failing to inform him of the government's earlier offer to drop count two if Johnson would plead guilty to counts one and three. (CR Doc. 56 at 4, 15.) Johnson maintains that he would have accepted that plea offer, which he believes would have resulted in a guideline range of 37 to 46 months in prison. (CR Doc. 56 at 15-16.)
>
> An attorney has an obligation to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Here, Mahoney avers that he did, in fact, present *this* plea offer [hence, the 37-46 offer] to Johnson, who rejected it and insisted he was innocent. (Mahoney Affidavit ¶ 5.) Given the conflict between Johnson's and Mahoney's testimony, an evidentiary hearing is required to resolve this claim.

Doc. 64 at 6-7 (government's brief) (emphasis added). Mahoney's affidavit makes *no* mention of 37-46 months, but instead 46-57 months. Doc. 64-1 at 1. Mahoney may have meant the same offer (he speaks of the government's offer to dismiss count two

3

*Id.*

With the 37-46 month offer expired, Johnson evidently rejected the less desirable five-year-to-life offer conveyed by Mahoney. McLeod then rendered him ineffective assistance, he maintains, when she "refus[ed] to inform the [C]ourt of . . . [Mahoney's] ineffective assistance regarding his failure to communicate the government's [earlier, 37-46 month] offer of the lesser plea agreement." *Id.* at 7 (Ground Three). Johnson says he

> asked McLeod to inform the court and government that he wanted to accept the deal to plead guilty to Counts 1 and 3 and be sentenced between 37-46 months. However, McLeod said that this was an [IAC] issue against Mahoney and that it would be best presented [in a § 2255 motion]. She then persisted in advising petitioner to plead guilty to Counts 1 and 2[3] and that she would help him file the § 2255 motion against Mahoney. McLeod insisted that it was in [Johnson's] best interests to plead guilty to Counts 1 and 2 even over his objections about not possessing the gun. Petitioner explained to McLeod [and Mahoney for that matter] that he was not guilty of possessing the firearm in furtherance of the marijuana count [i.e., Count 2]. McLeod [replied] it would not matter because [the government could prove] "constructive possession of the firearm." Therefore, under the ineffective advice of counselor McLeod, petitioner plead guilty to Counts 1 and 2.

---

if Johnson pled to counts one and three), but simply calculated a different sentencing range than Johnson (hence, the confusion here between what was offered when). The government is invited to clear this up at the evidentiary hearing discussed *infra*.

[3] Johnson does not say what the sentencing range was on this particular offer.

Doc. 56 at 17 (footnote added).[4]

McLeod was ineffective, Johnson thus contends, "by advising and encouraging [him] to plead guilty to Count 2." *Id.* at 8 (Ground Four). Finally, McLeod also provided IAC "by failing to file a direct appeal as specifically requested by [Johnson], especially after informing [him] that she would timely file said notice of appeal." Doc. 56 at 27 (Ground Two).

The government agrees that IAC claims can be raised collaterally,[5] doc. 64 at 4, and then concedes that Johnson is entitled to an evidentiary

---

[4] It is unclear exactly how many plea offers the government made. One could read the filings to mean that there were three: (1) the 37-46 month offer that Johnson says that the government initially offered but that Mahoney ineffectively failed to communicate to him; (2) the 5 years to life offer that Johnson says Mahoney *did* communicate to him; and (3) the offer that Johnson ultimately did, begrudgingly, take. On the third offer the Government explained, and Johnson agreed,

> that upon the entry of a plea of guilty by defendant, Mr. Johnson, to Counts 1 and 2, the government will do the following things: first, the government will move to dismiss Count 3 of the indictment. The government will not object to a recommendation from the probation officer that the defendant receive a three-level reduction for acceptance of responsibility under Chapter 3 of the guidelines. The government will agree not to recommend a sentence above the advisory guideline range. And the government will advise the Court of the extent and value of any information or cooperation the defendant provides in the investigation and prosecution of others; and if the government deems that to be substantial, the government would file the appropriate motion under U.S. Guideline Section 5K1.1.

Doc. 58 (change of plea hearing) at 16; *see also id.* at 11; doc. 47 (Plea Agreement).

[5] *See Massaro v. United States*, 538 U.S. 500, 503-04 (2003) (defendant could assert claim of ineffective assistance of counsel on motion to vacate conviction, even though defendant could have, but did not raise claim on direct appeal).

hearing on Ground One: "Here, Mahoney avers that he did, in fact, present [the earlier] plea offer to Johnson, who rejected it and insisted he was innocent. (Mahoney Affidavit ¶ 5.) Given the conflict between Johnson's and Mahoney's testimony, an evidentiary hearing is required to resolve this claim." Doc. 64 (government's brief) at 5.

The Court agrees and will hold a hearing on this claim. *See Nichols v. McNeil*, 331 F. App'x 705, 708 (11th Cir. 2009) (evidentiary hearing was warranted on merits of defendant's habeas claim that trial counsel was ineffective in not informing him of prior plea deal); *see also Padilla v. Kentucky*, \_\_ U.S. \_\_, 2010 WL 1222274 at * 6 (Mar. 31, 2010) ("guilty-plea IAC" standards); *Boyd v. Waymart*, 579 F.3d 330, 332 (3rd Cir. 2009) (en banc) (recognizing IAC claim against trial counsel for rejecting plea offer without communicating its terms to petitioner).

As for Ground Three, that McLeod then "refus[ed] to inform the [C]ourt of . . . [Mahoney's] ineffective assistance regarding his failure to communicate the government's [earlier] offer of the lesser plea agreement[,]" doc. 56 at 7, the government argues that

> [t]his claim is entirely subsumed in ground one. If Johnson proves Mahoney unconstitutionally ineffective for failing to communicate the more generous plea offer to him, then he may be entitled to resentencing based on that plea; in that eventuality, any further

> ineffectiveness in McLeod's failure to report would be harmless. On the other hand, if Mahoney was not unconstitutionally ineffective, then McLeod's failure to bring this matter to the district court's attention was not either. Therefore, this Court should dismiss ground three.

Doc. 64 at 7-8. Yet, Johnson points to no legal duty that McCleod had to inform the Court at that juncture, that prior counsel may have been ineffective. Nevertheless the Court will not address ground three until *after* the evidentiary hearing (on judicial conservation grounds, for a recommended dismissal now would necessitate a Fed. R. Civ. P. 72(b) "Report and Recommendation cycle" best spared until after the hearing).

Next, the government argues that the Court should decide ground four on the merits. There Johnson alleges that McCleod was ineffective by advising him to take the deal that he took (plead to Counts One and Two, with Count Three dropped), even though he told her that he did not commit the Count Two (gun possession) offense. Doc. 56 at 24. The Court will defer on this issue because theoretically Johnson could prevail on Ground One and win a new sentencing, thus mooting this claim.

The Court also will hear evidence on Ground Two -- Johnson's claim that McCleod was ineffective for failing to file his direct appeal.

7

McCleod, by that point the only lawyer in a position to file Johnson's appeal, responds to this claim by attesting that she told Johnson she "would file a direct appeal if he wanted me to, but I saw no grounds for an appeal. He agreed. I told him I did not plan on filing a direct appeal. He agreed. I did not promise to file a direct appeal, and Johnson did not direct me to do so." Doc. 64-2 at 2-3. She supplies her December 23, 2008 letter to Johnson, where she noted: "As we previously discuss[ed,] I am not filing an appeal in your case because we believe we had no objections to the [Court's Presentence Investigation Report] and you pled guilty to the indictment." Doc. 65-2 at 2; *see also* doc. 48, 50 (plea hearing was held on December 10, 2008 and the judgment was entered December 12, 2008).

Thus, there is a factual conflict warranting an evidentiary hearing to resolve it. However, even if McCleod had timely filed an appeal, it is likely that it would have been denied because Johnson raises IAC claims typically redirected into § 2255 proceedings. Johnson himself basically acknowledges this. Doc. 56 at 23-24. Still, "[w]e have long held that a lawyer who disregards specific instructions from the defendant to file a

8

notice of appeal acts in a manner that is professionally unreasonable."

*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). And

> "when counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.* (internal quotes omitted). In other words, "[p]rejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir.2005).

*Prim v. United States*, 2010 WL 749331 at * 1 (S.D. Ala. Mar. 1, 2010).

Under Rule 8(c) of the Rules Governing Section 2255 Proceedings, then, Johnson is entitled to the appointment of counsel pursuant to 18 U.S.C. § 3006A(g) to represent him at the evidentiary hearing. The Clerk is **DIRECTED** to prepare the necessary paperwork for appointment of counsel and to schedule a hearing on this matter. At that hearing, the Court will expect to see evidence of all written communications between the prosecution and defense, plus any non-privileged communications between defense counsel and Johnson.

**SO ORDERED** this  15th  day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA